287 So.2d 714 (1974)
Hannelore E. Faulk BRANDON, Appellant,
v.
Landis FAULK et ux., Appellees.
No. S-294.
District Court of Appeal of Florida, First District.
January 15, 1974.
James W. Grimsley, of Smith, Tolton, Grimsley & Barron, Fort Walton Beach, for appellant.
J. La Don Dewrell, and D. Michael Chesser, of Moore, Dewrell, Anchors & Kessler, Fort Walton Beach, for appellees.
JOHNSON, Judge.
This is an appeal from an order denying appellant's oral petition to modify the court's restriction of the minor child to the First Judicial Circuit of Florida, as provided in the final judgment of divorce entered July 14, 1971.
It appears from the record, primarily from a colloquy between the Court and the respective counsel for the parties, that the mother was a competent and attentive mother. Also that the father was all right. That the paternal grandparents, who lived in Okaloosa County, Florida, where the appellant and the minor child resided, are also upstanding citizens and would be excellent people to have the custody of the child.
It further appears that the appellant-mother has remarried; that the father lives and works in Atlanta, Georgia, and that appellant's new husband has a job in Memphis, Tennessee.
*715 The trial court suggested that the counsel for each party give a summary of what each intended to prove by witnesses, and stated that unless there was substantial evidence of substance pertaining to the welfare of the child, he was not going to change his ruling. About the only real change appeared to be that the appellant had remarried.
The Court said that when he entered the final judgment of divorce in which he granted custody of the minor child to the mother, he did so with some reservations and concern about awarding the custody to the mother.
The trial court refused to modify the final judgment in any respect; hence this appeal by the mother.
We do not have a record of the proceedings resulting in the dissolution of marriage, so we do not know just what the trial court's reservations were about, but the record does show us enough to convince us that the part played by the paternal grandparents was a determining factor in the trial court's decision as well as to how long or how good the mother's new marriage would stand. We can well understand the trial court's concern of the welfare of the child and how easy it was to rely on the grandparents as watchdog loyalty to the child, but, we are also aware that in the absence of some circumstances making the natural mother an incompetent and unattentive mother, the normal custody would be awarded to the mother.
Because of the short duration of the new marriage of the appellant, and based upon the scarcity of the record, it is the opinion of this Court that the trial court's order denying the modification should be and is Affirmed, but without prejudice to the appellant to renew her application for modification at any time after her present marriage has existed for six months from the date of December 1, 1973, and grounds alleged in the application herein appealed from will not be res adjudicata if alleged in the new application.
Affirmed, without prejudice.
SPECTOR, Acting C.J. and WIGGINTON, John T., Retired, concur.